UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRECE R. WELCH,

        Plaintiff,                      Case No. 25-cv-10078
                                           Hon. Jonathan J.C. Grey

v.

HEIDI WASHINGTON, ET AL.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2) AND DISMISSING THE COMPLAINT**

Plaintiff Demetrece R. Welch filed a pro se complaint raising claims under 42 U.S.C. § 1983 and an Application to Proceed Without the Prepayment of Fees. (ECF Nos. 1, 2.) Upon reviewing the Application, the Court is persuaded that Welch is unable to pay the fees associated with the filing of his Complaint. Welch's Application to Proceed Without the Prepayment of Fees, or in forma pauperis, is **GRANTED**. 28 U.S.C. § 1915(a)(1).

Because Welch is proceeding in forma pauperis, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). On review, a district

court must dismiss a case at any time if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if, viewing the facts in the light most favorable to the plaintiff, it is clear "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

I.

Welch's claims arise from his incarceration at the G. Robert Cotton Correctional Facility in Jackson, Michigan during the height of the Covid-19 pandemic. Welch is no longer incarcerated, having been released on parole on November 20, 2024.[1] He names five defendants: Michigan Department of Corrections ("MDOC") Director Heidi Washington, Warden Noah Nagy, Assistant Warden Jimmy Jarrett,

---

[1] This information was obtained from the Michigan Department of Corrections' Offender Tracking Information System ("OTIS"). This Court may take judicial notice of information from OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

2

Grievance Coordinator Cobb, and Corrections Officer Hokanson. Welch states that the MDOC initially responded appropriately to the Covid-19 pandemic by instituting a variety of protocols and procedures and enforcing social distancing whenever possible. Welch claims that, in June 2022, defendants terminated the social distancing protocols. He argues that by doing so they disregarded his "then and future, safety, physical and psychological health, bodily integrity, human dignity, and well-being while under the Defendants' jurisdiction." (ECF No. 1, PageID.5.)

Welch asserts that defendants' actions violated his rights under the Eighth, Ninth, and Fourteenth Amendments. He does not specify the form of relief he seeks.

## II.

### A.

First, Welch alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment, as made applicable to states through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" against prisoners. U.S. CONST. AMEND. VIII. Federal courts have interpreted the amendment to prohibit "any punishment that violates

3

civilized standards of decency or reflects unnecessary and wanton infliction of pain." *Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 102–103 (1976)). A prison official also may be liable when he or she exhibits "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

There is both an objective and subjective component to an Eighth Amendment claim. *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). To satisfy the objective component, Welch "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The subjective component of an Eighth Amendment claim requires that the prison official act with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "The official must have a subjective 'state of mind more blameworthy than negligence,' akin to criminal recklessness." *Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020) (quoting *Farmer*, 511 U.S. at 835). "[T]he key inquiry is whether the [defendant] 'responded reasonably to [the] risk" posed by COVID-19. *Wilson v. Williams*, 961 F.3d 829, 840 (2020) (quoting *Farmer*, 511 U.S. at 844). A response may be reasonable even if "the harm

4

imposed by COVID-19 on inmates ... 'ultimately [is] not averted.'" *Id.* at 841 (alteration in original) (quoting *Farmer*, 511 U.S. at 844).

The Sixth Circuit has held that Covid-19 creates a substantial risk of serious harm, satisfying the objective prong. *Wilson*, 961 F.3d at 840. The Court, therefore, moves to the subjective prong. Welch claims that defendants improperly relaxed social distancing standards in June 2022, placing him at physical risk and causing psychological distress. By June 2022, the Covid-19 vaccine was widely available. *See United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021); *Johnson v. Moss*, No. 2:21-cv-10247-TGB-EAS, 2022 WL 16796645, at *1 (E.D. Mich. Nov. 8, 2022).

Welch does not allege that he was prevented from receiving any vaccines or that he was uniquely at risk for complications. He does not allege facts which would show a physical injury caused by Defendants' failure to "respond[] reasonably to [the] risk." *Farmer*, 511 U.S. at 826. He also does not allege any facts to support his claimed psychological injury other than the generalized fear of contracting Covid-19. The Court is sympathetic to Welch's anxiety, but it does not render Defendants' actions unreasonable. The relaxing of social distancing rules after the Covid-19 vaccine became readily available was not an unreasonable

5

response to risk. Indeed, it was a response routinely adopted by many organizations, businesses, and schools. Therefore, Welch fails to state an Eighth Amendment claim.

B.

Welch also alleges that defendants' actions violated the Ninth and Fourteenth Amendments. The Ninth Amendment states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. AMEND. IX. The Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). This claim is meritless.

Welch asserts that defendants violated his rights under the Fourteenth Amendment. The Court construes Welch to be asserting a Fourteenth Amendment substantive due process claim. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct

6

shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–847 (1998)). Here, the Eighth Amendment applies to Welch's claim for relief concerning defendants' handling of the Covid-19 pandemic. Consequently, Welch's Fourteenth Amendment substantive due process claim fails to state a claim.

### III.

For the reasons stated, Welch fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** the complaint. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

<u>s/Jonathan J.C. Grey</u>
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

DATED: September 5, 2025

7

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 5, 2025.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager